IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
RANDOLPH DIVISION

| | |
|---|---|
| DEBRA SIMMONS, as Special Administratrix of the Estate of BERNARD SIMMONS,<br><br>Plaintiff,<br><br>vs.<br><br>WARDEN KIM BUTLER, UNKNOWN ILLINOIS DEPARTMENT OF CORRECTIONS OFFICERS,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AT LAW

NOW COMES Plaintiff, Bernard Simmons, by and through his Special Administratrix, Debra Simmons and his attorneys, Kathleen T. Zellner & Associates, P.C., and complaining of Defendants, Unknown Illinois Department of Corrections Officers and Warden Kim Butler, states as follows:

### Nature of this Action

1.  On and before November 19, 2014, Bernard Simmons ("Mr. Simmons") was an inmate incarcerated in the Illinois Department of Corrections. Prior to that date, Mr. Simmons was placed in a cell with inmate David Sesson ("Mr. Sesson"). At that time, Mr. Sesson was seriously mentally ill and known to be violent. Guards and officials were well aware of the danger to Mr. Simmons posed by placing Mr. Sesson into a cell with Mr. Simmons.

1

2. On November 19, 2014, Mr. Sesson killed Mr. Simmons in their cell at Menard Correctional Center.

3. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Mr. Simmons' rights as secured by the United States Constitution.

## Jurisdiction and Venue

4. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

5. Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to Plaintiff's claims occurred in this judicial district and the parties resided in this judicial district at the time the events took place.

## Parties

6. Plaintiff Debra Simmons is the Special Administratrix of the Estate of Bernard Simmons and she is and was at all relevant times herein a resident and citizen of the State of Illinois.

7. Plaintiff Bernard Simmons was at all relevant times a resident and citizen of the State of Illinois.

8. Defendant Kim Butler was at all relevant times the Warden of Menard Correctional Center.

9. Defendant Unknown Illinois Department of Corrections Officers ("Defendant Unknown IDOC Officers") were employees of the Illinois Department of

Corrections working at Menard Correctional Center at the time of the incident. Plaintiff will file a motion for leave to amend her complaint naming the Unknown IDOC Officers once their identities are disclosed to her. The Defendant Unknown IDOC Officers are being sued in their individual capacities.

10. Defendant Kim Butler and Defendant Unknown IDOC Officers engaged in the conduct complained of under the color of state law and in the course and scope of their employment.

## Facts

### Mr. Sesson Placed in Cell with Mr. Simmons

11. Menard Correctional Center is a correctional facility located in Chester, Illinois.

12. In 2014, Mr. Simmons and Mr. Sesson were incarcerated in Menard Correctional Center.

13. Prior to November 19, 2014, Mr. Sesson advised Defendants that he would attack and kill inmates that were placed into his cell.

14. Prior to November 19, 2014, Mr. Sesson attacked inmates placed into his cell.

15. Notwithstanding Mr. Sesson's threats and conduct, Defendants placed Mr. Sesson into a cell with Mr. Simmons.

16. At the time Defendants knew that Mr. Sesson posed a serious risk to the health, welfare, safety, and life of Mr. Simmons.

17. At all relevant times, Mr. Sesson was known to Defendants to be a violent, mentally ill convicted felon.

18. After Mr. Sesson was placed into a cell with Mr. Simmons, Mr. Simmons made requests and pleas to Defendants that he be separated from Mr. Sesson out of concerns for his physical well-being.

19. Mr. Simmons' repeated requests were ignored.

20. On more than one occasion prior to attacking Mr. Simmons, Mr. Sesson threatened to cause physical harm to Mr. Simmons.

21. On more than one occasion prior to attacking Mr. Simmons, Mr. Sesson threatened to kill Mr. Simmons.

22. Mr. Simmons advised officers and officials, including Defendants, that Mr. Sesson had threatened his life and continued to request to be separated from Defendant Sesson.

23. Mr. Simmons' pleas to be separated from Mr. Sesson were ignored.

24. On November 14, 2014, Mr. Sesson killed Mr. Simmons.

*Defendant Butler's Approval of Unconstitutional Conduct*

25. Prior to the attack on Mr. Simmons there had been several other attacks on inmates at Menard Correctional Center.

26. Correctional officers routinely ignored repeated requests by inmates, such as Mr. Simmons, to be separated and protected from violent inmates who had threatened them and posed an immediate danger to their health and safety.


27. Defendant Butler was aware of the attacks by violent inmates against other inmates. Defendant Butler was also aware that requests by inmates to be protected were routinely ignored by correctional officers under her supervision.

28. Defendant Butler encouraged and/or failed to correct her subordinates' conduct despite her knowledge that doing so subjected inmates such as Mr. Simmons to immediate physical danger.

## COUNT I

### 42 U.S.C. § 1983
### 8th Amendment – Cruel and Unusual Punishment

**(Defendants Unknown IDOC Officers and Butler)**

29. Each of the foregoing paragraphs is incorporated as if fully restated herein.

30. As described more fully above, Defendants Unknown IDOC Officers and Butler knew that Mr. Sesson posed a substantial risk to Mr. Simmons' life and physical safety.

31. As described more fully above, Defendants Unknown IDOC Officers and Butler caused Mr. Simmons to be placed into Mr. Sesson's cell and failed to protect Mr. Simmons from Mr. Sesson despite Mr. Sesson's threats.

32. The misconduct described in this Count was undertaken intentionally and with deliberate indifference to Mr. Simmons' constitutional rights.

33. The misconduct described in this Count constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

34. As a direct and proximate result of Defendants' conduct, Mr. Simmons lost his life.

35. Pursuant to 42 U.S.C. § 1983, Defendants are liable to Plaintiff for the violation of Mr. Simmons' constitutional rights.

36. Plaintiff's damages exceed Fifty Thousand Dollars ($50,000.00), the minimum jurisdictional amount of this Court.

<u>COUNT II</u>

**State Law Claim
Intentional Infliction of Emotional Distress**

**(Defendants Unknown IDOC Officers and Butler)**

37. Each of the foregoing paragraphs is incorporated as if fully restated herein.

38. As more fully described above, Defendant Unknown IDOC Employees and Butler refused to protect Mr. Simmons despite their knowledge that his life was in danger and their knowledge of his pleas for protection.

39. This extreme and outrageous conduct was rooted in an abuse of power and authority.

40. This extreme and outrageous conduct was undertaken with intent and/or knowledge that the conduct was extremely likely to inflict emotional distress on Mr. Simmons.

41. As a direct and proximate result of the conduct of Defendant Unknown Employees and Butler, Mr. Simmons suffered severe emotional distress prior to his death.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that this Court:

a. award compensatory and actual damages to Plaintiff and against Defendants, jointly and severally;

b. award punitive damages to Plaintiff, and against Defendants;

c. award Plaintiff her costs and attorney fees, pre-judgment interest, post-judgment interest, all other damages allowed by law, and such other and further relief this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury as to all issues so triable under Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

/s/ Kathleen T. Zellner
Kathleen T. Zellner, #618457
Kathleen T. Zellner & Associates, P.C.
1901 Butterfield Road, Suite 650
Downers Grove, Illinois 60515
Phone: (630) 955-1212
Fax: (630) 955-1111
Email: kathleen.zellner@gmail.com